```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                  :
HOWARD UNIVERSITY
                                  :
     v.                           :  Civil Action No. DKC 2006-2076
                                  :
BELINDA LIGHTFOOT WATKINS
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion to dismiss, or in the alternative, for summary judgment. (Paper 7). In her motion to dismiss, Defendant also requests that this case be transferred to the District of Columbia. This argument will be construed as a motion for transfer as an alternative to dismissal or summary judgment. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will transfer this case to the United States District Court for the District of Columbia.

**I.   Background**

Plaintiff Howard University filed a complaint against Defendant Belinda Lightfoot Watkins on August 10, 2006. From March 8, 1976 to July 20, 2006, Defendant was employed by Plaintiff in a variety of positions. (Paper 1, ¶ 5). In June 1998, Defendant was named Acting Dean for Student Life and Activities. (*Id*. ¶ 6). In this position, she supervised a number of employees, including

Paulette Porter, an administrative assistant, and Daniel Goodwin, Acting Assistant Dean of Students.  (*Id*. ¶ 14).

Mr. Goodwin was infected with the Human Immunodeficiency Virus (HIV).  (*Id*. ¶ 16).  Mr. Goodwin took medications to treat his HIV infection, and the side effects from those medications caused him to be late to work regularly, although he made up the time after the office closed.  Mr. Goodwin alleged that Defendant and Ms. Porter harassed him by spraying disinfectant spray on things he had touched and making inappropriate personal comments to students about his sexuality and medical condition.  (*Id*. ¶¶ 21 & 25).

In 2001, Defendant delivered a letter to Mr. Goodwin expressing concern about his late arrival.  Mr. Goodwin responded by requesting an accommodation that would allow him to arrive later to work, but work later into the evening.  Defendant denied the request.  (*Id*. ¶ 30).

In 2002, Defendant proposed to Plaintiff that Mr. Goodwin's annual contract not be renewed.  Representatives from Plaintiff's Office of General Counsel and Office of Human Resources Management consulted with Defendant in relation to her recommendation that Mr. Goodwin's contract not be renewed.  (*Id*. ¶ 35).  Plaintiff claims that during these discussions, Defendant did not disclose that Mr. Goodwin was infected with HIV and had requested, but been denied, an accommodation as a result of the HIV infection.  (*Id*. ¶ 39).

Plaintiff approved Defendant's recommendation and Mr. Goodwin's contract expired without renewal on June 30, 2002.  (*Id*. ¶ 41).

Mr. Goodwin filed a claim with the United States Equal Employment Opportunity Commission ("EEOC") in the Washington, D.C. Office of Human Rights. On June 21, 2003, the EEOC issued a determination that the decision to discharge Mr. Goodwin by not renewing his contract was in retaliation for his request for an accommodation.  (*Id*. ¶ 42).  The EEOC issued a Notice of Right to Sue, and Mr. Goodwin filed a civil suit against Defendant and Plaintiff on November 26, 2003, *Daniel Goodwin v. Howard University, et al.*, United States District Court for the District of Columbia, Civil Action No. 1:03-CV-2447-RCL.

The parties entered into settlement negotiations.  Defendant participated in the first court-ordered mediation, but was excluded from the substantive discussions between Mr. Goodwin and Plaintiff. (Paper 7, Lightfoot Aff. ¶ 9).  Defendant did not attend the second mediation.  Ultimately, Plaintiff and Mr. Goodwin entered into a settlement agreement on September 19, 2005.  Plaintiff discharged Mr. Goodwin's claim against it and Defendant by paying to Mr. Goodwin $218,000 in damages, plus $35,000 in attorney's fees, for a total of $253,000.   (Paper 1, ¶ 46.).

Plaintiff then instituted the present suit against Defendant, seeking $253,000 in damages, plus attorney's fees and costs, based on the following counts: indemnity (count one); misrepresentation,

3

concealment or non-disclosure (count two); constructive fraud (count three); and negligent misrepresentation (count four). The parties agree that these claims are governed by the substantive law of the District of Columbia. The suit was brought in this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff is a resident of the District of Columbia, Defendant is a resident of Maryland, and the amount in controversy exceeds $75,000.

Defendant now moves to dismiss, or in the alternative for summary judgment. Defendant argues that the complaint fails to state a claim upon which relief may be granted because (a) the fraud claim fails to plead the legal elements of fraud with particularity in violation of Fed.R.Civ.P. 9(b); (b) the indemnity claim is barred by the holding in *Northwest Airlines, Inc. v. Transp. Workers Union of Am.*, 451 U.S. 77 (1981); (c) even if the indemnity claim is not barred, the elements of indemnity are not present; and (d) this case should be transferred to the District of Columbia pursuant to 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens*.

Although Defendant raises a host of issues challenging various aspects of the complaint, the motion to transfer presents a clear basis for this court to decline to address the merits of the complaint. Instead, an alternative forum is the proper place for Defendant's additional arguments to be addressed. The Supreme

4

Court, in *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184, 1192 (2007), sanctioned consideration of a *forum non conveniens* plea prior to adjudication of other threshold considerations:

> A *forum non conveniens* dismissal "den[ies] audience to a case on the merits," *Ruhrgas [AG v. Marathon Oil Co.]*, 526 U.S. [574,] 585 [(1999)], 119 S.Ct. 1563; it is a determination that the merits should be adjudicated elsewhere. *See American Dredging [Co. v. Miller]*, 510 U.S. [443,] 454 [(1994)], 114 S.Ct. 981; *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The Third Circuit recognized that *forum non conveniens* "is a non-merits ground for dismissal." 436 F.3d, at 359. *Accord In re Papandreou*, 139 F.3d, at 255; *Monde Re [In re Arbitration Between Monegasque De Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine]*, 311 F.3d [488,] 497-98 [(2$^d$ Cir. 2002)]. A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.

**II. Transfer of Venue**

> The common-law doctrine of *forum non conveniens* "has continuing application [in federal courts] only in cases where the alternative forum is abroad," *American Dredging*, 510 U.S., at 449, n. 2, 114 S.Ct. 981, and perhaps in rare instances where a state or territorial court serves litigational convenience best. *See* 14D C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3828, pp. 620-623, and nn. 9-10 (3d ed. 2007). For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more

> convenient place for trial of the action. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

*Sinochem Int'l*, 127 S.Ct. at 1190-91.

Defendant urges the court to transfer the case to the District of Columbia, arguing that the private and public factors weigh heavily in favor of transferring this case. Plaintiff opposes the transfer on the grounds that venue in this diversity action is proper here because Defendant is a citizen of Maryland, and the first venue for diversity actions under 28 U.S.C. § 1391(a) is the judicial district where the defendant resides. Plaintiff further argues that Defendant has not met her burden to show hardship from defending this action in Maryland, because the facts that gave rise to Plaintiff's indemnification claim "occurred a handful of miles from the federal courthouse in which this case will be tried. . . ." (Paper 12, at 20). In her reply, Plaintiff agrees that venue is proper in this court, but that considerations of convenience and the interest of justice weigh in favor of transfer to the District of Columbia. (Paper 16, at 18-19).

### A. Standard of Review

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. The

threshold question on a motion to transfer is whether the action might have been brought in the transferee forum.  It is uncontested that the United States District Court for the District of Columbia is a proper forum.  Thereafter, to prevail on a motion to transfer venue under § 1404, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice."  *Helsel v. Tishman Realty Constr. Co., Inc.*, 198 F.Supp.2d 710, 711 (D.Md. 2002) (internal quotation omitted).  In order to satisfy this burden, the defendant should submit, for example, affidavits from witnesses and parties involved that explain the inconvenience and hardship they "would suffer if the case were heard in the plaintiff's chosen forum." *Dow v. Jones*, 232 F.Supp.2d 491, 499 (D.Md. 2002) (citing *Helsel*, 198 F.Supp.2d at 712).  Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion to dismiss or to transfer pursuant to § 1404(a).  *See Dow*, 232 F.Supp.2d at 499; *Helsel*, 198 F.Supp.2d at 712.

The decision whether to transfer venue is committed to the sound discretion of the trial court.  *See Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (stating that § 1404(a) intended "to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case

consideration of convenience and fairness"') (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

**B. Analysis**

In determining whether to grant a motion to transfer, courts are to consider: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties; and 4) the interest of justice. *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 856 (D.Md. 2005).

**(1) Weight Accorded Plaintiff's Choice of Venue**

A plaintiff's choice of forum is generally accorded considerable deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 253, 255 (1981) (generally, there is "a strong presumption in favor of the plaintiff's choice of forum"). The choice "deserves less deference" when the plaintiff is not a resident of the chosen forum. *Id.* The Supreme Court recently reaffirmed this principle:

> A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable." *Piper Aircraft Co.*, 454 U.S. at 255-256, 102 S.Ct. 252.

*Sinochem Int'l*, 127 S.Ct. at 1191. Here, Plaintiff is a resident of the District of Columbia, and all the events giving rise to the lawsuit occurred in the District of Columbia. "Although a

plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D.Md. 2002) (internal citations omitted).  In the instant action, all the events occurred in the District of Columbia, and any fraudulent acts or acts of misrepresentation on the part of Defendant would have also occurred in the District of Columbia.  Maryland has no connection to the matter in controversy.  Therefore, while Plaintiff's choice of Maryland as a forum is entitled to some deference, that deference is limited.

### (2) Witness Convenience and Access

All conduct, events, decisions, and communications relating to the lawsuit occurred in the District of Columbia.  It is also undisputed that all records and other documentary evidence are located within the District of Columbia.  Defendant identified several potential witnesses: Ann Barnes, Leroy Jenkins, Jr., Raymond Archer, Clyde Cash, Jr., A. Toy Caldwell-Colbert, Carole Borggren, and H. Patrick Swygert.[1]  (Paper 7, at 13 n.8; Lightfoot Decl. ¶¶ 3-7).  These are all current or former employees of Plaintiff, a resident of the District of Columbia.  Thus, it would

---

[1] Defendant has also suggested that she may implead at least five of these parties, should Plaintiff pursue a contribution claim.  (Paper 7, at 13; paper 16, at 17).

be convenient for these witnesses to appear in court in the District of Columbia. Because of the geographical proximity of Maryland and the District of Columbia, however, this factor weighs only slightly in favor of transfer.

**(3) Convenience of the Parties**

Plaintiff is a resident of the District of Columbia and has litigated a related action there, thus it would be convenient for it to litigate this claim in its home forum. Although Defendant is a Maryland resident, it is Defendant who has moved for transfer, accordingly it is clearly convenient for her to litigate in the District of Columbia. This factor weighs in favor of transfer.[2]

**(4) The Interests of Justice**

Consideration of the interests of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties. Factors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment." *Cross*, 383 F.Supp.2d at 857. (citing *Bd. of Tr., Sheet Metal Workers Nat'l*

---

[2] Plaintiff does not assert that the location of its counsel in Baltimore, Maryland should be considered. Even if this would be a relevant consideration, counsel's firm letterhead indicates that it also has an office in Washington, D.C. *See, e.g., Proyectos Orchimex de Costa Rica, S.A. v. E.I. du Pont de Nemours & Co.*, 896 F.Supp. 1197, 1203 (M.D.Fla. 1995)("no reason to believe that the plaintiffs will find it impossible to locate competent counsel in their home forums.")

*Fund v. Baylor Heating & Air Conditioning*, 702 F.Supp. 1253, 1260 (E.D.Va. 1988)).

The employment discrimination lawsuit giving rise to the instant litigation was filed by Mr. Goodwin in the United States District Court for the District of Columbia, although it was ultimately settled out of court.  There is judicial efficiency in having related matters adjudicated in the same court system.  *See Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992) (recognizing "the inherent appeal of having all litigation stemming from a single controversy resolved in a single court system.").

It is undisputed that this case is governed by the substantive law of the District of Columbia.  Thus, the federal court in the District of Columbia has a greater familiarity with the applicable law than this court.  Plus, there is a strong public interest in having local controversies resolved locally.  In this case, the events took place in the District of Columbia, not in Maryland.  Furthermore, because this case is in its early stages, no unfair delay will result if it is transferred to the District of Columbia.  This factor weighs in favor of transfer.

11

**III. Conclusion**

The private and public interests weigh in favor of transferring this case to the United States District Court for the District of Columbia.  A separate Order will follow.

```
                                    /s/
                         DEBORAH K. CHASANOW
                         United States District Judge
```